UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE JUAREZ MENDOZA,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondents. | No. 1:26-cv-02316-DJC-AC<br><br><u>ORDER</u><br>A# 247-005-685 |

Petitioner Jorge Juarez Mendoza is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner later filed a Motion for Preliminary Injunctive Relief. (ECF No. 10.) Based on that Motion and the information contained in the Government's response, the Court withdraws the reference of this matter to the assigned Magistrate Judge and will rule directly on the underlying Petition. The Court has previously addressed the legal issues raised in the Petition. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

The Government's response raises arguments regarding the application of 8 U.S.C. § 1225(b)(2) that the Court has considered and previously considered and rejected. (*See* ECF No. 9.) Respondents also note that Petitioner has a criminal history

and was transferred into ICE detention from local custody in connection with an arrest in an unrelated criminal matter. This does not alter the Court's analysis, though it justifies providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Jorge Juarez Mendoza a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Respondents shall file a status report within five (5) days of Petitioner's bond hearing, confirming a bond hearing was conducted.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 15, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE